**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY WEBB, | No. 08-16159 |
| Petitioner - Appellant, | D.C. No. 3:04-CV-00116-JCM-RAM |
| v. | |
| MIKE BUDGE; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees, | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges; and COLLINS, District Judge.[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1

Appellant Ricky Webb (Webb) challenges the district court's denial of his habeas petition asserting ineffective assistance of counsel.

"Because [Webb] filed his habeas petition after April 24, 1996, his appeal is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA)." *Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009) (citation omitted). "Under AEDPA, [Webb's] petition can be granted only if the state court determination resolving his claims was contrary to, or involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of the facts." *Id.* (citation, alterations and internal quotation marks omitted).

We apply "the Supreme Court's familiar two-part standard for analyzing ineffective assistance claims set forth in *Strickland v. Washington*, 466 U.S. 668 . . . (1984)." *Pinholster v. Ayers*, 590 F.3d 651, 663 (9th Cir. 2009) (en banc) (citations omitted). Under *Strickland*, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

The Nevada Supreme Court concluded that Webb's counsel was not ineffective because he "argue[d] the facts of the crime and requested concurrent sentences" and the trial judge recognized that the "the three offenses were closely related in time and space." Webb's counsel advocated that the judge impose

2

concurrent, rather than consecutive, sentences.  The Nevada Supreme Court's denial of relief after considering these facts was not contrary to or an unreasonable application of clearly established federal law.  *See Strickland*, 466 U.S. at 700-01.

Because the Nevada Supreme Court did not address Webb's other claims, this court conducts an "independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Pinholster*, 590 F.3d at 663 (citations and internal quotation marks omitted).  Defense counsel's strategy was to show that Webb was taking responsibility for his actions.  The Nevada Supreme Court's decision was not objectively unreasonable because Webb failed to overcome the presumption that his counsel's strategy was reasonable.  *See Strickland*, 466 U.S. at 689.

Finally, Webb did not show that he was prejudiced by his counsel's failure to inform the court that the gun was inoperable.  *See id.* at 691-92.

**AFFIRMED.**